## WITTICK vs. TRAUN.

[CONTEST AS TO VALIDITY OF WILL.]

1. *Declarations of administrator, executor and legatee not admissible to establish will.* Where an administrator is cited to produce a paper in his possession, which is alleged to be the will of the decedent; which paper, when produced, is propounded for probate by one of the legatees therein named, at whose instance the citation was issued, and contested by the administrator, who is named executor and made the principal legatee,—the declarations of the administrator cannot be received to establish the validity of the will.

APPEAL from the Probate Court of Dallas.

AT the instance of the appellant, Rachel Wittick, who is an emancipated negro, a citation was issued to Henry Traun, who had been previously appointed by said probate court administrator of Frederick Wittick, deceased, requiring him to produce the will of said decedent, which was alleged to be in his possession. In answer to the citation, Traun produced a paper, which purported to be the last will and testament of said Frederick Wittick, but was without signature, and not attested by any subscribing witnesses; and by which two slaves, an eighty-acre tract of land, and some personal property, were bequeathed to said Rachel Wittick, and all the residue of the testator's estate, real and personal, to Philip Henry

Traun, his nephew, who was also appointed executor. This will being propounded for probate by Rachel Wittick, and contested by said Henry Traun, an issue was thereupon made up between them, which was submitted to the decision of the court without the intervention of a jury; and, as appears from the final decree of the court, publication was duly ordered and made against the heirs and next of kin of the decedent, whose names are nowhere stated. On the trial of the issue, as the bill of exceptions states, "the plaintiff offered to prove the declarations of the defendant to one Hardy, shortly after the death of said Wittick, to the effect that he was present at the execution of said will, and saw it signed by the testator and subscribing witnesses; that the will propounded for probate, when first found by him among the papers of said Frederick Wittick, was all right; that he folded it up, and placed it in the middle of a bundle of papers belonging to said Frederick Wittick, and placed the same in a sideboard of which one Mary Wittick had the key; that on a subsequent examination of said bundle of papers, said will was found removed from the place in the bundle in which he had placed it, and was on the top of the bundle; that the names of the testator and subscribing witnesses had been cut away; and that defendant asked witness, to whom he then showed the will, if he did not think said names had been cut off with scissors." The exclusion of this evidence, to which the proponent excepted, is the only matter assigned as error.

Geo. W. Gayle, for the appellant.—The declarations of Henry Traun, who was the executor, the principal legatee, and a party defendant to the proceeding, were competent evidence against him. He and the proponent being the only legatees, no one else could be affected by the evidence; and he being the only heir-at-law, and therefore interested to defeat the probate, his declarations were against his interest.—Roberts v. Trawick, 13 Ala. 68, 79; Hill v. Buckminster, 5 Pick. 391; Atkins v. Sanger, 1 Pick. 192; Emerson v. Thompson, 16 Mass. 429; Fenwick v. Thorton, M. & M. (Eng.) 51.

WM. M. BYRD, *contra*, cited Bunyard and Wife v. McElroy, 21 Ala. 311; Roberts v. Trawick, 13 Ala. 68; Chisolm v. Newton, 1 Ala. 371; Brown v. Foster, 4 Ala. 282; 2 Ala. 388.

WALKER, J.—It is clear upon reason and authority, that the declarations of Henry Traun are not made admissible evidence to establish the will by the fact that he was the administrator. It is not shown that *Henry Traun*, the appellee and administrator of the estate, whose declarations were offered in evidence, was the same person with *Philip Henry Traun*, to whom the greater portion of the estate is bequeathed by the alleged will, and who is therein appointed executor. But, conceding that the two names designate the same person, still the admissibility of the testimony doesnot follow. The declarations of an executor are not admissible for the purpose of impeaching a will; still less would they be admissible for the purpose of establishing it. But, upon the concession made for the sake of the argument, Henry Traun is not only administrator, and appointed executor, but he is the legatee and devisee of the greater part of the estate. This last fact makes his declarations clearly inadmissible for the purpose of establishing the will. It is a plain case of the largest beneficiary under a will making evidence by his declarations to establish the will.

It does not appear from the bill of exceptions, that Henry Traun, in the absence of the will, would take any part of the estate, as the heir or distributee of the decedent; nor are any facts alleged, from which we can ascertain that he would be either the heir or distributee. The fact stated in the putative will, that Philip Henry Traun is the nephew of the decedent, does not show that he is the heir or distributee. He may have been the nephew, and yet there may have been other persons who, under our statute of descent and distribution, would take before him.

The authorities in reference to the different legal propositions asserted in this opinion are cited upon the briefs.

The decree of the court below is affirmed.

STONE, J., not sitting.